# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al., <br><br> *Petitioners*, <br><br> v. <br><br> SECURITIES AND EXCHANGE COMMISSION, <br><br> *Respondent*, <br><br> DISTRICT OF COLUMBIA, et al., <br><br> *Intervenors*. | No. 24-1628 <br><br> *Consolidated with* <br> *Nos. 24-1522, 24-1624, 24-1626, 24-1627, 24-1631, 24-1634, 24-1685, 24-2173* |

**OPPOSITION TO LIBERTY ENERGY, INC. AND NOMAD PROPPANT SERVICES, LLC'S MOTION TO PARTICIPATE IN ORAL ARGUMENT**

Petitioners Chamber of Commerce of the United States of America, Texas Association of Business, and Longview Chamber of Commerce (Chamber Petitioners) agree with Petitioner Liberty Energy, Inc. that oral argument should be expanded to 45 minutes per side. But Chamber Petitioners respectfully submit that requiring the petitioners to divide argument among three advocates, as Liberty proposes, is unwarranted, is unlikely to assist the Court, and would be prejudicial to all petitioners' ability to cogently present their case.

1

The SEC rulemaking at issue here is unprecedented in both its breadth and its burdens, spanning over 250 Federal Register pages and imposing billions of dollars in compliance costs every year. 89 Fed. Reg. 21,668 (Mar. 28, 2024). The briefing spans hundreds of pages. And the administrative record contains more than 5,000 entries; the list of record documents alone runs 280 pages.

The Chamber Petitioners respectfully submit that in these unique circumstances, 45 minutes per side for argument is appropriate, but that requiring petitioners to divide argument into three 15-minute segments, with three different advocates, would prejudice petitioners' ability to cogently present their consolidated cases to the Court. Having three separate advocates would likely disrupt the flow of argument and risk disjointed and duplicative presentations of the multiple complex and important issues these cases present.

To preserve petitioners' ability to effectively and helpfully convey their arguments to the Court, the Chamber Petitioners respectfully submit that the Court should allow no more than two advocates to present oral argument on behalf of petitioners in the consolidated cases. Given the distinct perspectives and interests of the States and industry chal-

lengers, dividing the argument between one advocate on behalf of the State petitioners and one for the private petitioners is appropriate. But further division would be counterproductive. And while Liberty "believes strongly in challenging the rule," Mot. 2, so do the other 34 petitioners, including the Chamber Petitioners, who speak on behalf of a broad array of publicly traded member companies directly subject to the SEC's rule, including companies in the energy sector among others.[*]

Because splitting petitioners' argument time across three different advocates would detract from all petitioners' ability to coherently present argument to this Court, the Chamber Petitioners respectfully submit that this Court should allocate 45 minutes of argument time to each side and limit each side to no more than two advocates. In no event, Chamber Petitioners respectfully submit, should petitioners be *ordered* to divide time three ways as Liberty requests.

---

[*] Liberty states that the SEC's brief referred to Liberty's brief "over two dozen times." Mot. 3. The Chamber Petitioners' brief received more than five dozen references.

Dated: September 25, 2024

Daryl Joseffer
Tyler S. Badgley
Kevin R. Palmer
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062
(202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

Respectfully submitted,

/s/ *Eugene Scalia*
Eugene Scalia
Jonathan C. Bond
Max E. Schulman
Brian C. McCarty
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
EScalia@gibsondunn.com

Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100

*Counsel for Petitioners Chamber of Commerce of the United States of America, Texas Association of Business, and Longview Chamber of Commerce*

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, an electronic copy of the foregoing opposition was filed with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the appellate CM/ECF system, and service will be accomplished on all registered counsel by the appellate CM/ECF system.

/s/ *Eugene Scalia*
Eugene Scalia
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
EScalia@gibsondunn.com

*Counsel of Record for Petitioners Chamber of Commerce of the United States of America, Texas Association of Business, and Longview Chamber of Commerce*

# CERTIFICATE OF COMPLIANCE

I certify that this opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted under Federal Rule of Appellate Procedure 27(d)(a)(2)(B), it contains 450 words.

I certify that this opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this opposition has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point New Century Schoolbook LT.

I further certify that this opposition has been scanned for viruses and is virus-free.

Dated: September 25, 2024

/s/ *Eugene Scalia*
Eugene Scalia
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
EScalia@gibsondunn.com

*Counsel of Record for Petitioners Chamber of Commerce of the United States of America, Texas Association of Business, and Longview Chamber of Commerce*