

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

John R. Rady
202-551-4997
radyjo@sec.gov

February 11, 2025

Maureen W. Gornik, Acting Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

Re:  *State of Iowa, et al. v. SEC*, No. 24-1522, and all consolidated cases: Nos. 24-1624, 24-1626, 24-1627, 24-1628, 24-1631, 24-1634, 24-1685, and 24-2173

Dear Ms. Gornik:

The Commission writes to notify the Court that on February 11, 2025, the Commission's Acting Chairman issued the attached statement regarding this litigation.[1] That statement noted the "recent change in the composition of the Commission," as well as the fact that the majority of the current Commissioners "voted against" the rule at issue. The Acting Chair's statement recognized that this change and the "recent Presidential Memorandum regarding a Regulatory Freeze"[2] "bear on the conduct of this litigation." The statement further directs the Commission staff to "notify the Court of the changed circumstances and request that the Court not schedule the case for argument to provide time for the Commission to deliberate and determine the appropriate next steps in these cases." The Commission will "promptly notify the Court of its determination about its positions in the litigation."

---

[1] *Available at* https://www.sec.gov/newsroom/speeches-statements/uyeda-statement-climate-change-021025.

[2] *See* Presidential Memorandum, *Regulatory Freeze Pending Review* (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/.

This letter is being filed in accordance with these directives, and the Commission will submit a status report to the Court no later than 45 days from the date of this letter. The Commission respectfully requests that the Court not take any action to schedule oral argument before this status report.

Thank you for your consideration.

Respectfully submitted,

/s/ John R. Rady
John R. Rady
Appellate Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997
radyjo@sec.gov
*Counsel for Respondent*
*Securities and Exchange Commission*



U.S. Securities and Exchange Commission

Home / Newsroom / Speeches and Statements / Acting Chairman Statement on Climate-Related Disclosure Rules

STATEMENT

# Acting Chairman Statement on Climate-Related Disclosure Rules

**Mark T. Uyeda, Acting Chairman** (/about/sec-commissioners/mark-t-uyeda)

Feb. 11, 2025

Today, I am taking action on The Enhancement and Standardization of Climate-Related Disclosures for Investors rule that was adopted by the Commission on March 6, 2024 (the "Rule").[1] The Rule is currently being challenged in litigation consolidated in the Eighth Circuit[2] and the Commission previously stayed effectiveness of the Rule pending completion of that litigation.[3] The Rule is deeply flawed and could inflict significant harm on the capital markets and our economy.

Both Commissioner Peirce and I voted against the Rule's adoption.[4] Commissioner Peirce said that then-existing disclosure rules were sufficient and that the "[R]ule's anticipated benefits do not outweigh the costs."[5] She argued that "only a mandate from Congress should put us in the business of facilitating the disclosure of information not clearly related to financial returns."[6] I stated that the Commission was "without statutory authority or expertise" to address

climate change issues and that "this [R]ule is climate regulation promulgated under the Commission's seal."[7]

During the comment period, many submissions likewise urged that the Rule not be adopted. Among the reasons were that the Rule would require a large volume of financially immaterial information, financially material climate-related risks were already subject to disclosure under existing rules, and the proposed rules overstepped the SEC's regulatory authority.[8]

The Commission's briefs previously submitted in the cases consolidated in the Eighth Circuit do not reflect my views. The briefs defend the Commission's adoption of the Rule, but I continue to question the statutory authority of the Commission to adopt the Rule, the need for the Rule, and the evaluation of costs and benefits. I also question whether the agency followed the proper procedures under the Administrative Procedure Act to adopt the Rule.

The lack of statutory authority is a weighty factor. Commissioners have a constitutional obligation to determine the bounds of the agency's statutory authority, and my views on the Commission's authority here were the result of lengthy study and research informed by many comments on all sides of the issue.

These views, the recent change in the composition of the Commission, and the recent Presidential Memorandum regarding a Regulatory Freeze,[9] bear on the conduct of this litigation. I believe that the Court and the parties should be notified of these changes.

Therefore, I have directed the Commission staff to notify the Court of the changed circumstances and request that the Court not schedule the case for argument to provide time for the Commission to deliberate and determine the appropriate next steps in these cases. The Commission will promptly notify the Court of its determination about its positions in the litigation.

---

[1] The Enhancement and Standardization of Climate-Related Disclosures for Investors, Release No. 33-11275 (Mar. 6, 2024) [89 FR 21668 (Mar. 28, 2024)],

available at https://www.sec.gov/files/rules/final/2024/33-11275.pdf (https://www.sec.gov/files/rules/final/2024/33-11275.pdf).

[2] Iowa v. SEC, No. 24-1522 (8th Cir.); *see also* Liberty Energy Inc. v. SEC, No. 24-cv-739 (N.D. Tex.).

[3] In the Matter of the Enhancement and Standardization of Climate-Related Disclosures for Investors, Release No. 33-11280 (April 4, 2024) [89 FR 25804 (April 12, 2024)], available at https://www.federalregister.gov/documents/2024/04/12/2024-07648/the-enhancement-and-standardization-of-climate-related-disclosures-for-investors-delay-of-effective (https://www.federalregister.gov/documents/2024/04/12/2024-07648/the-enhancement-and-standardization-of-climate-related-disclosures-for-investors-delay-of-effective).

[4] *See* Mark T. Uyeda, A Climate Regulation under the Commission's Seal: Dissenting Statement on The Enhancement and Standardization of Climate-Related Disclosures for Investors (Mar. 6, 2024) ("Commissioner Uyeda Statement"), available at https://www.sec.gov/newsroom/speeches-statements/uyeda-statement-mandatory-climate-risk-disclosures-030624 (https://www.sec.gov/newsroom/speeches-statements/uyeda-statement-mandatory-climate-risk-disclosures-030624), and Hester M. Peirce, Green Regs and Spam: Statement on the Enhancement and Standardization of Climate-Related Disclosures for Investors (Mar. 6, 2024) ("Commissioner Peirce Statement"), available at https://www.sec.gov/newsroom/speeches-statements/peirce-statement-mandatory-climate-risk-disclosures-030624 (https://www.sec.gov/newsroom/speeches-statements/peirce-statement-mandatory-climate-risk-disclosures-030624).

[5] Commissioner Peirce Statement.

[6] *Id*.

[7] Commissioner Uyeda Statement.

[8] *See, e.g.*, Comment of the Federal Regulation of Securities Committee of the Business Law Section of the American Bar Association (Jun. 24, 2022); Comment of the U.S. Chamber of Commerce (Jun. 16, 2022); Comment of the National Association of Convenience Stores (Jun. 8, 2022); Comment of the National Association of Manufacturers (Jun. 6, 2022).

[9] Regulatory Freeze Pending Review (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/ (https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/).

Last Reviewed or Updated: Feb. 11, 2025

# CERTIFICATES OF SERVICE
# FOR DOCUMENTS FILED USING CM/ECF

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on  2/11/2025       , I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ John R. Rady